Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1435 | **DATE** | 5/16/2001 |
| **CASE TITLE** | GVA & BG vs. Aeroflot Russian Intl Airlines | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant defendant's motion (Doc 2-1) to dismiss plaintiff's complaint in its entirety. The complaint is dismissed. Ruling set for June 7, 2001 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 MAY 16 PM 4: 12 | MAY 17 2001 date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GVA & BG, an Illinois corporation, )
)
Plaintiff, )
)
vs. )
)
AEROFLOT RUSSIAN INTERNATIONAL )
AIRLINES, a joint stock company pursuant ) 01 C 1435
to the laws of the Russian Federation AEROFLOT )
CARGO, on information and belief, a wholly-owned )
subsidiary of AEROFLOT Russian International )
Airlines; AEROGROUND, INC., an Illinois corporation, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the Motion to Dismiss of Defendant Aeroflot-Russian Airlines. For the following reasons, we grant the motion.

## BACKGROUND

For purposes of a motion to dismiss, we accept as true all well-pleaded allegations. The instant case arises from the loss of goods destined for international shipment. Plaintiff GVA & BG ("GVA") is a business that purchases computer equipment in the United States for export to the member states of the Russian

Federaion, the Ukraine, and other foreign nations. Defendant Aeroflot Russian International Airlines ("Aeroflot") is a common carrier of air passengers and air freight. It uses its wholly-owned subsidiary, Aeroflot Cargo, as its agent for freight forwarding processing of goods to be shipped on Aeroflot's aircraft. Aeroflot Cargo's responsibilities include air freight in-processing, scheduling and out-processing of goods to be transported by Aeroflot's aircraft. As Aeroflot's agent, Aeroflot Cargo supervises the handling of goods to ensure safe and secure delivery aboard Aeroflot's scheduled flights.

Defendant Aeroground, Inc. ("Aeroground") conducts the business of air freight warehousemen at O'Hare International Airport ("O'Hare"). In its secured warehouse at O'Hare, Aeroground receives and stores goods designated for transportation by air. Aeroflot contracts with Aeroground to provide secured storage at the warehouse for goods to be transported on Aeroflot flights.

On August 9, 2000, a GVA representative delivered a 24" x 24" x 24" white cargo box (the "white box") to Aeroflot Cargo's facility at O'Hare. The white box contained computer equipment destined for delivery to a consignee in Kiev, Ukraine. Aeroflot Cargo's representative furnished a receipt for the white box and assigned an air waybill number, but the representative failed to follow company practices regarding

the handling of the box prior to loading onto the aircraft for transportation. At some point between August 9 and 11, the box disappeared.

As a result of the disappearance of the box, GVA brought suit against Aeroflot, Aeroflot Cargo and Aeroground on theories of bailment and negligence. GVA seeks compensatory and consequential damages. Aeroflot now moves to dismiss the complaint, claiming that it is preempted by the Warsaw Convention.

## DISCUSSION

Defendant contends that the Warsaw Convention, 49 U.S.C. § 40105, preempts Plaintiff's causes of action. The Warsaw Convention applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire." Art. 1(1). The Convention defines "international transportation" as "any transportation in which, according to the contract made by the parties, the place of departure and the place of destination . . . are situated [] within the territories of two High Contracting Parties. . . ." Art. 1(2). Where the Warsaw Convention applies, it imposes liability for the loss of goods during "transportation by air," which comprises "the period during which . . . the goods are in charge of the carrier, whether in an airport or on board an aircraft. . . ." Art. 18(2).

The validity of the contract between the parties is unaffected by the absence of an air waybill. Art. 5(1) ("[t]he absence, irregularity, or loss of this document shall not

affect the existence or the validity of the contract of transportation which shall, subject to the provisions of article 9, be none the less governed by the rules of this convention"). Rather, in cases where the parties failed to issue and accept an air waybill, the contract is still governed by the Warsaw Convention. See id. In such a case, the carrier who accepted the goods without an air waybill "shall not be entitled to avail himself of the provisions of this convention which exclude or limit his liability." Art. 9. The absence of an air waybill does not affect the applicability of the Convention, only the availability of limitations of liability.

Courts in several other circuits have held that the provisions of the Warsaw Convention provide an exclusive remedy preempting all other state and federal law claims. See Husmann v. Trans World Airlines, 169 F.3d 1151, 1153 (8th Cir. 1999); Fishman v. Delta Air Lines, 132 F.3d 138 (2d Cir. 1998); Boehringer-Mannheim Diagnostics v. Pan American World Airways, 737 F.2d 456, 458-59 (5th Cir. 1984). Although the Seventh Circuit has never reached this question, it has demonstrated at least some approval of the line of cases finding preemption. See Schroeder v. Lufthansa, 875 F.2d 613, 620 n.5 (7th Cir. 1989) (observing that recent courts had held that the Convention itself creates a cause of action; citing cases so holding). Courts in the Northern District have followed this reasoning. See Cheng v. United Airlines, No. 93 C 149, 1995 WL 42157, *2 (N.D. Ill. Jan 31, 1995); Beaudet v. British Airways,

PLC, 853 F. Supp. 1062, 1069 (N.D. Ill. 1994); Rageb v. DHL Worldwide Express, No. 91 C 7334, 1992 WL 58753, *2 (N.D. Ill. 1992); Kenner Prods.-General Mills, Inc. v. The Flying Tiger Line, Inc., No. 87 C 126, 1987 WL 11629, *2 (N.D. Ill. May 22, 1987).

The Warsaw Convention applies to the case at bar. According to Plaintiff's allegations, Plaintiff sought shipment of a "white box" which qualifies as "goods" for purposes of the Convention. The shipment was to be sent from Aeroflot's cargo facility at O'Hare International Airport in the United States to a consignee in the Ukraine. Both parties concede that both countries are party to the Convention; hence the "international transportation" requirement of the Convention is satisfied. Finally, when Defendants' representative at the storage facility accepted the white box from Plaintiff, the goods came into "charge of the carrier," thus triggering liability under Article 18(2).

Plaintiff argues that the transaction does not fall within the scope of the Warsaw Convention because Defendants' representative failed to furnish an air waybill. This argument runs contrary to the plain language of the Convention, however, which states clearly that the absence of an air waybill "shall not affect the existence or the validity of the contract of transportation. . . ." Art. 5(2). Thus, in the case at bar, the absence

of an air waybill does not eviscerate the validity of the agreement between the parties. The agreement remains within the scope of the Convention.

Because the Warsaw Convention applies to the case at bar, Plaintiff's causes of action based on state law are preempted. See Cheng v. United Airlines, No. 93 C 149, 1995 WL 42157, *2 (N.D. Ill. Jan 31, 1995); Beaudet v. British Airways, PLC, 853 F. Supp. 1062, 1069 (N.D. Ill. 1994); Rageb v. DHL Worldwide Express, No. 91 C 7334, 1992 WL 58753, *2 (N.D. Ill. 1992); Kenner Prods.-General Mills, Inc. v. The Flying Tiger Line, Inc., No. 87 C 126, 1987 WL 11629, *2 (N.D. Ill. May 22, 1987). Accordingly, we dismiss the complaint.

## CONCLUSION

For the foregoing reasons, we grant the motion to dismiss Plaintiff's complaint in its entirety.

Charles P. Kocoras
United States District Judge

Dated: May 16, 2001